IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MALVIN RANDY SCHAMP, et al.,

        Plaintiff,

Vs.                           Case No. 06-4051-SAC

ALLEN SHELTON, in his personal
capacity, et al.,

        Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiffs' motion for entry of default judgment (Dk. 17) and motion for sanctions pursuant to Fed. R. Civ. P. 11 (Dk. 19). The defendants have filed their respective responses opposing the motions. (Dks. 27 and 26). The court denies both motions for the reasons here stated.

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The plaintiffs pray for the court to enter default judgment against the defendants Allen Shelton, James Fetters, Tony Potter and John Linneman for not timely serving their answer to the complaint and/or amended complaint. The defendants filed their joint answer on June 16, 2006, (Dk. 13). The time for the defendant Allen Shelton to answer was extended by the clerk of the court (Dk. 9).

The record indicates the answer was served by June 22, 2006, the extended deadline. On the motion of the defendant Tony Potter, the magistrate judge has ruled already that Tony Potter's answer was timely. (Dk. 16).

As for the defendant James Fetters, he was given until June 16, 2006, to answer, and he filed his pleading with the court on June 16, 2006. The record, however, fails to show the plaintiffs were served with this pleading on the same day. As for the defendant John Linneman, he sought no extensions of the June 12th deadline for his answer and filed his pleading on June 16, 2006. Since both defendants exceeded the deadline by only a few days and this oversight would appear to qualify as excusable neglect, the court will grant them leave to answer out of time and will deem their answers filed on June 16, 2006, as timely. In light of these findings and rulings and the plaintiffs' failure to comply with the procedural requirements of Rule 55, the court denies the plaintiffs' motion for entry of default judgment.

**MOTION FOR SANCTIONS**

The plaintiffs' motion for sanctions is summarily denied for failure to comply with the requirements of Fed. R. Civ. P. 11(c)(1)(A). *See King v. Knoll*, 399 F. Supp. 2d 1169, 1184 (D. Kan. 2005). The defendants' request for fees and costs in responding to this motion is summarily denied for non-compliance with the

same provision.

IT IS THEREFORE ORDERED that the plaintiffs' motion for entry of default judgment (Dk. 17) and motion for sanctions pursuant to Fed. R. Civ. P. 11 against the defendants' attorney, Allen G. Glendenning, (Dk. 19) are denied.

Dated this 27th day of June, 2006, Topeka, Kansas.

          s/ Sam A. Crow
          Sam A. Crow, U.S. District Senior Judge