## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MALVIN R. SCHAMP, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 06-4051-SAC |
| | ) |
| ALLEN SHELTON, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER STAYING PROCEEDINGS

This matter comes before the court upon defendants' motion to stay proceedings (Doc. 29). Defendants have filed a memorandum in support of their motion (Doc. 30) and seek to have the court stay proceedings in this matter pending a ruling by the trial judge on their motion for judgment on the pleadings (Doc. 24) and a resolution of related state court criminal proceedings. Pursuant to D. Kan. Rule 6.1, any response in opposition to the instant motion was due from plaintiff on or before July 6, 2006.[1] To date, no such response has been filed. Pursuant to D. Kan. Rule 7.4, the court ordinarily treats a motion, to which no timely response is filed, as uncontested and grants the motion without any further notice.[2]

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to nondispositive motions. . . shall be filed and served within 14 days.").

[2] D. Kan. Rule 7.4 provides in relevant part:

> The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

The court does not ordinarily favor stays pending resolution of dispositive motions because of the delay such a stay may occasion in obtaining a timely resolution of a matter. However, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided. . . where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful."[3]

At this time, defendants have filed a motion for judgment on the pleadings (Doc. 24), in which they assert *Younger* abstention,[4] prosecutorial immunity, failure to state a claim, and qualified immunity in response to plaintiffs' federal claims and advance the position that the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. Additionally, the court has not yet entered an order directing the parties to confer and formulate a plan for completion of discovery pursuant to Fed. R. Civ. P. 26(f).

There is a potential for the ruling on defendants' motion for judgment on the pleadings to be completely dispositive of the case, to eliminate one or more defendants from the action, or to narrow the issues remaining for discovery. Moreover, after review of the motion for judgment on the pleadings, it does not appear that facts sought by any discovery would impact its briefing or resolution. Accordingly, by imposing a stay now, before discovery activities have truly begun, the court can prevent any waste of the parties' resources from the conduct of discovery on any aspect of the case that does not survive the pending dispositive motion.

---

[3] *Wolf v. United States*, 157 F.R.D. 494, 494-95 (D. Kan. 1994).

[4] *See Younger v. Harris*, 401 U.S. 37 (1971).

Therefore, the court finds that a stay will not prejudice any party, will allow the parties to have knowledge of what, if any, claims remain prior to expending resources on discovery, and is appropriate in this instance. Because the instant motion has not been timely opposed and the court finds merit in the relief requested, the court will grant defendants' motion and grant a stay of proceedings pending a ruling by the trial judge, U.S. District Senior Judge Sam A. Crow, on defendants' motion for judgment on the pleadings (Doc. 24).

Defendants also request that any stay imposed continue until there is a resolution of state court criminal proceedings related to this case. Defendants' motion for judgment on the pleadings addresses the issue of whether any part of this action should be dismissed or stayed on the basis of *Younger* abstention due to its potential interference with ongoing state court proceedings. As such, the court sees no reason to tether the instant stay to the resolution of any pending state court matter at this time and will leave the issue of whether to do so to be determined, if necessary, in Judge Crow's ruling on the motion for judgment on the pleadings.

**IT IS THEREFORE ORDERED** that defendants' motion to stay proceedings (Doc. 29) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that proceedings in this matter are hereby **STAYED** pending a ruling by the trial judge on defendants' motion for judgment on the pleadings (Doc. 24).

**This stay does not in any way apply to or affect the deadlines for the parties to brief the motion for judgment on the pleadings (Doc. 24) currently pending before Judge Crow.**

**IT IS SO ORDERED.**

Dated this 7th day of July, 2006, at Topeka, Kansas.

s/K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge