IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MALVIN RANDY SCHAMP, et al.,

    Plaintiff,

Vs.               No. 06-4051-SAC

ALLEN SHELTON, in his personal
capacity, et al.,

    Defendants.

MEMORANDUM AND ORDER

    The case comes before the court on the plaintiffs' motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(b)(1), (2), (3) and (6). (Dk. 41). On October 12, 2006, the court filed its order granting the defendants' motion for judgment on the pleadings (Dk. 24) and declining to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims. (Dk. 39). The clerk entered judgment on the same day, and more than ten days later, the plaintiffs filed their pending motion for relief from judgment.

    Rule 60(b) is "'the grand reservoir of equitable power to do justice in a particular case.'" *F.D.I.C. v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (quotation omitted). This rule "seeks to strike a delicate balance between two countervailing impulses: the desire to

preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (citation and quotations omitted).  Accordingly, the district court retains substantial discretion "to grant relief as justice requires under Rule 60(b), yet such relief is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991), *cert. denied*, 506 U.S. 828, 113 S. Ct. 89, 121 L. Ed. 2d 51 (1992).

A movant may not use Rule 60(b) to reargue the merits of the underlying judgment or to substitute as an appeal.  *United States v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir. 1988).  A proper Rule 60(b) motion addresses matters outside the issues on which the judgment was entered.  *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979).  Courts will not permit such a motion to be an opportunity for revisiting issues already addressed in the underlying order or for considering arguments and facts that were available for presentation in the underlying

proceedings. *Van Skiver v. United States*, 952 F.2d at 1243.

The plaintiffs' motion cites as grounds for relief the following provisions of Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Other than a claim that a transcript from a state criminal proceeding is newly discovered evidence, the plaintiffs' supporting memorandum does not address these grounds separately. As will be discussed hereafter, the plaintiff's arguments fall well short of the exceptional circumstances required by Rule 60(b). The arguments lack the support of a factual record, are devoid of legal merit, and merely rehash contentions previously rejected.

The plaintiffs first contend that they accepted the defendants' offer to stay the case until the state criminal proceedings were concluded but that the magistrate judge erred in staying the case only for a ruling upon the defendants' pending dispositive motion. As the record reflects, the magistrate judge granted the defendants' motion to stay in part and stayed the case pending a ruling on the defendants' dispositive motion, but

3

he denied the motion in part and deferred to the district court any additional stay for ongoing state proceedings. (Dk. 35). The plaintiffs also challenge that the magistrate judge should have recused himself based upon his brother being a county attorney of a neighboring county.

When the defendants filed their motion to stay, the plaintiffs filed no response, and the magistrate judge treated the defendants' motion as uncontested. The defendants deny reaching any agreement with the plaintiffs regarding a stay of the case. The record offers no evidence of one. Prior to judgment, the plaintiffs never sought review of the magistrate judge's stay order. Nor did the plaintiffs raise any question of bias or prejudice on the part of the magistrate judge. Nothing prevented the plaintiffs from pursuing either course while the case was pending. The plaintiffs may not resort to a Rule 60(b) motion to advance arguments and facts that were available for presentation in the underlying proceedings. *Van Skiver v. United States*, 952 F.2d at 1243.

Even if these contentions had been timely raised before judgment, the plaintiffs would have been denied all relief on them. The magistrate judge correctly deferred to the district court on whether to stay the case pending the conclusion of the state proceedings. Such a stay was

part of the alternative relief requested in the defendants' motion for judgment on the pleadings, and the district court decided this motion without having to address this request for alternative relief. Pursuant to 28 U.S.C. § 455(a), the recusal or disqualification of a judge is required where personal bias or prejudice by a judge against or for a party is demonstrated, or where the impartiality of the judge might reasonably be questioned. See also 28 U.S.C. § 144 (recusal based on moving party's timely affidavit identifying facts sufficient to show bias and prejudice); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)(showing of bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasion, and circumstances"). "The basic test is whether a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality." *Maez v. Mountain States Tel. and Tel., Inc.*, 54 F.3d 1488, 1508 (10th Cir. 1995) (citations omitted). A judge is under as much obligation not to recuse when there in no reason to do so. *Hinman*, 831 F.2d at, 939. Prior adverse rulings against a litigant are not in themselves appropriate grounds for disqualification. *United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993). That the magistrate judge's brother is a county attorney for a neighboring county is not a circumstance

raising any doubt about the judge's impartiality. There is no suggestion that the judge's brother is a possible witness or party to the lawsuit or would have any other interest in it, substantial or not, on which to question the magistrate judge's continuing impartiality.

The plaintiffs challenge the district court's immunity rulings as to the defendants James Fetters and John Linneman. The plaintiffs rehash the same allegations and disagree with the court's conclusions, but they fail to show any error in the court's analysis of the allegations or any mistake in its application of the relevant law. The court will not revisit its rulings.

The plaintiffs next assert newly discovered evidence in the form of a transcript from a state preliminary hearing held on May 23, 2006, in which the state court trial judge referred to the defendant Allen Shelton as the complaining witness in that pending criminal case. To satisfy the requirements for relief under Rule 60(b)(2), the plaintiffs must demonstrate the evidence was discovered after the trial, the plaintiffs were diligent in discovering the evidence, and the newly discovered evidence is material, is not merely cumulative, and will likely cause a different result. *Joseph v. Terminix Intern. Co.*, 17 F.3d 1282, 1285 (10th Cir. 1994). The plaintiffs are unable to meet these requirements. First, it appears that some of the

plaintiffs were named criminal defendants in that preliminary hearing held on May 23, 2006. Thus, the plaintiffs' claim of newly discovered evidence is dubious. Second, the plaintiffs fail to demonstrate how the state court judge's comment is material to any of the issues on which this court relied in granting the defendant's motion for judgment on the pleadings. The plaintiffs draw sweeping conclusions from the state judge's comment, none of which advance any of their claims of alleged constitutional violations.

Finally, the plaintiffs object to the court sustaining the defendants' dispositive motion without reserving to the plaintiffs an opportunity to amend their complaint. The plaintiffs stand only on their objection and proffer no possible amendments to their complaint that would have stated a federal claim for relief. Absent some demonstrable prejudice, the plaintiffs' objection is not a genuine exceptional circumstance for Rule 60(b) relief. As for the plaintiffs speculation that the dismissal of this federal civil rights action has prejudiced their right to a fair trial in state court and allows others to commit perjury in their pending state cases, the court observes that the plaintiffs are not without viable and substantial remedies in the respective state forums.

The plaintiffs have not shown any exceptional circumstances

that would satisfy any Rule 60(b) ground for relief.

IT IS THEREFORE ORDERED that the plaintiffs' motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(b) (Dk. 41) is denied.

Dated this 8th day of January, 2007, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge